IN THE NEBRASKA COURT OF APPEALS

## MEMORANDUM OPINION AND JUDGMENT ON APPEAL
### (Memorandum Web Opinion)

STATE V. BADBERG

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,
V.
JERED T. BADBERG, APPELLANT.

Filed January 16, 2024.    No. A-23-613.

Appeal from the District Court for Lancaster County: JODI L. NELSON, Judge. Affirmed.

Mark E. Rappl, of Naylor & Rappl Law Office, for appellant.

Michael T. Hilgers, Attorney General, and P. Christian Adamski for appellee.

RIEDMANN, BISHOP, and WELCH, Judges.

RIEDMANN, Judge.

### INTRODUCTION

Jered T. Badberg appeals from his plea-based conviction of attempted first degree sexual assault in the district court for Lancaster County. On appeal, he assigns that the district court imposed an excessive sentence and that trial counsel was ineffective for failing to argue at sentencing that Badberg's conviction for attempted first degree sexual assault was statutory rather than without consent. Following our review, we affirm.

### BACKGROUND

Badberg was charged with first degree sexual assault, a Class II felony. In exchange for Badberg's plea, the State agreed to amend the charge to attempted first degree sexual assault, a Class IIA felony. Badberg pled no contest to the charge. The State provided the factual basis which provided that M.J., a 15-year-old, reported that she was assaulted by Badberg, who was 21 years old. M.J. underwent a sexual assault examination and was later interviewed at the Child Advocacy Center. M.J. disclosed that she and Badberg had previously been in a relationship and that she

- 1 -

wanted closure, so she agreed to walk with him to an area of a trail and told him it was not right for him to follow up with a 15-year-old. Badberg grabbed M.J.'s hair, hit her, and had vaginal-penile sex with her. The vaginal swab from M.J.'s sexual assault examination was tested, and the results showed that Badberg was included as the male contributor of DNA from the sperm fraction from the vaginal swab. Badberg was contacted and denied having sexual intercourse with M.J.

The district court accepted Badberg's plea and found him guilty. The district court ordered a presentence investigation report (PSR). For his conviction of attempted first degree sexual assault, Badberg received a sentence of 15 to 20 years' imprisonment, with credit for 17 days' time served. Badberg appeals.

## ASSIGNMENTS OF ERROR

Badberg assigns that the district court imposed an excessive sentence, and that trial counsel was ineffective in failing to argue at sentencing that Badberg's conviction for attempted first degree sexual assault was statutory rather than without consent.

## STANDARD OF REVIEW

A sentence imposed within the statutory limits will not be disturbed on appeal in the absence of an abuse of discretion by the trial court. *State v. Blake*, 310 Neb. 769, 969 N.W.2d 399 (2022).

Whether a claim of ineffective assistance of trial counsel can be determined on direct appeal presents a question of law, which turns upon the sufficiency of the record to address the claim without an evidentiary hearing or whether the claim rests solely on the interpretation of a statute or constitutional requirement. *State v. Warner*, 312 Neb. 116, 977 N.W.2d 904 (2022). In reviewing a claim of ineffective assistance of trial counsel on direct appeal, an appellate court determines as a matter of law whether the record conclusively shows that (1) a defense counsel's performance was deficient or (2) a defendant was or was not prejudiced by a defense counsel's alleged deficient performance. *Id*.

## ANALYSIS

*Excessive Sentence.*

Badberg assigns that the district court imposed an excessive sentence which constituted an abuse of discretion. Badberg was convicted of attempted first degree sexual assault, a Class IIA felony. A Class IIA felony is punishable by a maximum sentence of 20 years' imprisonment with no minimum sentence required. Neb. Rev. Stat. § 28-105 (Cum. Supp. 2022). Badberg received a sentence of 15 to 20 years' imprisonment, which is within the statutory limits. As such, we review for an abuse of discretion.

When imposing a sentence, a sentencing judge should customarily consider the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense and (8) the amount of violence involved in the commission of the crime. *State v. Blake, supra*. The sentencing court is not limited to any mathematically applied set of factors, but the appropriateness of the sentence is necessarily a subjective judgment that includes

the sentencing judge's observations of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life. *Id*.

Badberg was 23 years old at the time of sentencing and had graduated high school. Overall, he was rated a high risk to reoffend. He had previously been convicted of disturbing the peace, injure or destroy property of another, and violate sexual assault protection order. The victim in this case was the subject of the sexual assault protection order that Badberg was convicted of violating. The district court noted at sentencing that Badberg was aware of the victim's age at the time of this offense, because her age was listed on the sexual assault protection order that had been previously issued. The court also highlighted Badberg's statements that placed blame on the victim. The district court stated that in imposing the sentence, it had reviewed and considered the PSR, as well as considered the relevant statutory factors.

The district court imposed a sentence that is within the statutory limits. It took the appropriate factors into consideration when sentencing Badberg. Upon this record, it cannot be said that the district court abused its discretion.

*Ineffective Assistance of Counsel.*

Badberg assigns that trial counsel was ineffective in failing to argue at sentencing that his conviction for attempted first degree sexual assault was statutory rather than without consent. When a defendant's trial counsel is different from his or her counsel on direct appeal, he or she must raise on direct appeal any issue of trial counsel's ineffective performance which is known to the defendant or is apparent from the record; otherwise, the issue will be procedurally barred in a subsequent postconviction proceeding. *State v. Warner*, 312 Neb. 116, 977 N.W.2d 904 (2022). The fact that an ineffective assistance of counsel claim is raised on direct appeal does not necessarily mean that it can be resolved. *Id*. The determining factor is whether the record is sufficient to adequately review the question. *Id*.

Generally, to prevail on a claim of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the defendant must show that his or her counsel's performance was deficient and that this deficient performance actually prejudiced the defendant's defense. *State v. Anders*, 311 Neb. 958, 977 N.W.2d 234 (2022). To show counsel's performance was deficient, a defendant must show that counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law. *Id*. To show prejudice, the defendant must demonstrate a reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different. *Id*.

Badberg argues that there was a dispute about whether the victim consented, specifically that the State argued she had not consented and that Badberg had committed an act of violence, but that he maintained that the victim had consented, and that the intercourse was not forcible. Badberg claims that because trial counsel did not argue his version of events, the district court accepted the State's version and its comments at sentencing make clear that Badberg's violent behavior was a deciding factor in denying probation. We find the record is sufficient to address this claim, and we determine that it is without merit.

Notwithstanding a 15-year-old child's inability to consent to sexual penetration with a person over 19 years of age, the factual basis for Badberg's plea included acts of violence by Badberg. Specifically, the State asserted that the evidence would be that "Badberg then grabbed

her hair, hit her and had vaginal penial [sic] sex with her." Upon questioning by the court, Badberg stated that after hearing the State's assertion, he still wished to enter a plea of no contest. Badberg's counsel advised the court that he believed the plea was consistent with the law and facts of the case. Therefore, we question whether counsel could be ineffective for failing to argue that Badberg did not engage in violence during the sexual assault.

Regardless of whether counsel could be ineffective for failing to argue Badberg's position that he did not engage in force or violence, we find that he cannot prove prejudice.

The PSR includes Badberg's statements about the event, including his statements that the victim asked if they could have sexual intercourse. The district court stated that it had reviewed the PSR, and thus it was aware of Badberg's claim that the intercourse was consensual. But the PSR also reflected that when first contacted by police, Badberg denied that he had had intercourse with the victim. The PSR further included information that Badberg had also stated that the offense was because the "girl lied about her age and [he] got caught up" and that "she was 16 [years old] and he was 19 [years old]."

The district court specifically stated it had reviewed and considered the PSR in arriving at its decision. The district court stated that it

> really did look hard at this presentence, and I kept catching . . . myself as to how your stories about various things change. In particular, when the truth doesn't paint you in a very good light, you will find the lie that does in spite of the facts that those lies, then, continue to change.

It is clear based on the district court's statements at sentencing that it did not find Badberg credible, as it noted the times he had changed his version of events. We cannot find, even assuming for the sake of argument that trial counsel was deficient in failing to argue Badberg's version of events at sentencing, that Badberg was prejudiced by this. He cannot show that had trial counsel highlighted Badberg's version of the offense at sentencing, a different sentence would have been imposed.

We find the record is sufficient to address Badberg's claim of ineffective assistance of trial counsel, and we reject it.

## CONCLUSION

The sentence imposed was not excessive nor an abuse of discretion. We also find the record sufficient to address Badberg's claim of ineffective assistance of trial counsel, and it is without merit. We affirm the judgment of the district court.

AFFIRMED.